```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
ONH AFC CS Investors, LLC, and ONH 1601
CS Investors LLC,

            Plaintiffs,

    -against-

ES1 Westend Residence Trust; The Elchonon
Schwartz Family Trust; ES28 Investments Trust;
ES ONH Trust; and ES Family Life Insurance
Trust,

           Defendants.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  4/22/2025
```

24 Misc. 248 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    On May 7, 2024, the United States Bankruptcy Court for the District of Delaware entered judgment in the amount of $54,949,935.14 in favor of Plaintiffs, ONH AFC CS Investors, LLC, and ONH 1601 CS Investors LLC, and against Defendants, ES1 Westend Residence Trust, the Elchonon Schwartz Family Trust, ES28 Investments Trust, ES ONH Trust, and ES Family Life Insurance Trust. ECF No. 9-4 at 8. On May 30, 2024, Plaintiffs registered the judgment in this District. ECF No. 1. On April 17, 2025, ONH Liquidating Trust, as successor in interest to Plaintiffs, moved for a turnover order directing Defendant ES1 Westend Residence Trust to deliver to Plaintiffs the specific property listed in Exhibit A to the Declaration of Brian F. Allen ("Allen Declaration"), ECF No. 10-1, toward satisfaction of the judgment entered against Defendants. ECF No. 7; *see also* ECF Nos. 6, 8–9. On April 21, Defendants filed a letter requesting that Exhibit A to the Allen Declaration be permanently sealed. ECF No. 13. Defendants' letter does not signal any opposition to Plaintiffs' turnover motion. *See id.*

    Under Federal Rule of Civil Procedure 69(a)(1), post-judgment efforts to enforce a money judgment "must accord with the procedure of the state where the court is located." In New York, Article 52 of the Civil Practice Law and Rules governs the enforcement of money judgments. Section 5225(a) provides:

> Upon motion of the judgment creditor, [and] notice to the judgment debtor, where it is shown that the judgment debtor is in possession or custody of money or other personal property in which he has an interest, the [C]ourt shall order that the judgment debtor pay the money . . . sufficient to satisfy the judgment[] to the judgment creditor and, if the amount to be so paid is insufficient to satisfy the judgment, to delivery any other personal property . . . of sufficient value to satisfy the judgment, to a designated sheriff [for sale].

N.Y. C.P.L.R. § 5225(a); *see 245 Park Member LLC v. HNA Grp. (Int'l) Co. Ltd.*, 674 F. Supp. 3d 28, 41 (S.D.N.Y. 2023) (noting that courts may exercise their equitable discretion to order a

direct turnover rather than ordering turnover to a designated sheriff (citing *79 Madison LLC v. Ebrahimzadeh*, 166 N.Y.S.3d 126, 129 (App. Div. 2022)))), *aff'd*, No. 23-842, 2024 WL 1506798, at *4 (2d Cir. Apr. 8, 2024).

Section 5225(a) requires a judgment creditor to notify the judgment debtor of the turnover motion "in the same manner as a summons or by registered or certified mail, return receipt requested." N.Y. C.P.L.R. § 5225(a). Plaintiffs' affidavit of service states that Plaintiffs' turnover motion and other related papers were served upon Defendant ES1 Westend Residence Trust C/O Solomon Schwartz, Trustee, "via U.S. First Class Mail." ECF No. 11. The affidavit does not state that the papers were sent via "registered or certified mail," nor that "return receipt [was] requested." N.Y. C.P.L.R. § 5225(a). Service of a summons on a trust like Defendant ES1 Westend Residence Trust would be proper under New York law if made upon a "qualified trustee . . . pursuant to the respective method [of service] provided for in the [Civil Practice Law and Rules], depending on who or what holds the position of trustee," *Caruso Glynn, LLC v. Sai Tr.*, No. 11 Civ. 4360, 2012 WL 4053802, at *3 (S.D.N.Y. July 9, 2012) (citation omitted). Where the trustee is a natural person, as appears to be the case here, *see* ECF No. 11 at 1, service must be effected in accordance with N.Y. C.P.L.R. § 308, *Caruso Glynn*, 2012 WL 4053802, at *4.

It is unclear based upon Plaintiffs' affidavit of service whether Plaintiffs have complied with the requirements of § 308. *See* ECF No. 11; *Caruso Glynn*, 2012 WL 4053802, at *4 ("Strict adherence to the provisions of . . . § 308 is required."); *Raschel v. Rish*, 504 N.E.2d 389, 390 (N.Y. 1986) ("When the requirements for service of process have not been met, it is irrelevant that [D]efendant[s] may have actually received the documents.") Accordingly, by **April 29, 2025**, Plaintiffs shall file a supplemental affidavit and any other supporting papers necessary to establish proper notification under N.Y. C.P.L.R. § 5225(a).

SO ORDERED.

Dated: April 22, 2025
New York, New York

_____
ANALISA TORRES
United States District Judge

2